## S09Y1539. IN THE MATTER OF DERRICK A. POPE.
### (690 SE2d 851)

PER CURIAM.

This disciplinary matter is before the Court on Respondent Derrick A. Pope's Petition for Voluntary Discipline filed pursuant to Bar Rule 4-227 (b) (2) prior to the issuance of a Formal Complaint. In his petition, Pope admits to violating Rules 1.3, 1.4, 1.5, 1.16, and 8.4 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). He asks that the Court impose a public reprimand, and the State Bar has no objection. Only violations of Rules 1.3 and 8.4 may be punished with a more severe sanction than a public reprimand.

---

Pope admits that a client hired him to represent her in three matters involving estate planning and administration. He provided his client with a written fee agreement, which she signed, and the client satisfied all financial obligations under the agreement. The client made reasonable efforts to contact Pope during the representation, but due to the dissolution of his practice caused by business failure and health issues, the client's efforts to contact him were unsuccessful. The client subsequently filed a complaint against Pope to recover the fees she paid and in February 2008 they entered into a consent judgment to satisfy the claim. Pope admits that his conduct violated the rules set forth above and that he still has not satisfied the consent judgment, but states that he is making every effort to do so and that only the circumstances of his business failure and health problems produced his aberrant conduct. Pope further states that he consistently has taken responsibility for his actions and did not flout his professional obligations intentionally or willfully, and that he regrets any contribution he may have made to the public's image of procrastination in the legal profession.

Having reviewed the record, we note that Pope has an outstanding balance of $2,975 on the consent judgment, which was entered more than two years ago. Though Pope states that he has been making efforts to satisfy the judgment, it is unclear from the record whether he has made any payment at all thereon. Moreover, Pope has throughout this disciplinary process made various representations regarding the time frame in which he anticipates being able to satisfy the judgment, only to concede after the time frame has elapsed that the judgment has still gone unsatisfied. Accordingly, we hereby reject Pope's Petition for Voluntary Discipline. See *In the Matter of E. T. M.*, 285 Ga. 814 (683 SE2d 596) (2009) (rejecting petition for voluntary discipline despite State Bar's lack of objection).

*Voluntary petition rejected. All the Justices concur.*

DECIDED MARCH 15, 2010.

*William P. Smith III, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.